UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRACIE WADER, | Civil No.09-CV-01534 AJB (JMA) |
| Plaintiff, | ORDER OVERRULING OBJECTIONS AND ADOPTING REPORT AND RECOMMENDATION |
| v. | |
| MICHAEL J. ASTRUE, | [Doc. Nos. 27, 28 and 35] |
| Commissioner of Social Security, | |
| Defendant. | |

On August 9, 2011, Judge Adler filed a Report and Recommendation (hereinafter "R&R") [Doc. No. 27] containing findings and conclusions, upon which he bases his recommendation that the Court grant in part and deny in part Plaintiff's motion for summary judgment [Doc. No. 17], grant in part and deny in part Defendant's cross-motion for summary judgment [Doc. No. 20], and remand this matter to the Social Security Administration for further proceedings. Defendant filed a timely objection [Doc. No. 28] to the R&R and moves this Court to affirm the ALJ's decision and enter judgment in favor of Defendant and against Plaintiff. The Plaintiff filed a reply [Doc. No.35]. For the reasons set forth below, the Court OVERRULES Defendant's objections, Doc. No. 28, and ADOPTS the Report and Recommendation in its entirety.

///

///

### *Background*

Plaintiff filed an application for Social Security Disability Income ("SSDI") benefits on January 26, 2006, alleging a disability onset date of July 1, 2005. Plaintiff alleges disability due to major depression, panic and anxiety attacks, and post traumatic stress disorder. The Social Security Administration initially denied Plaintiff's disability claim on June 23, 2006, and again upon reconsideration on February 13, 2007. Following the denials, Plaintiff protectively filed an application for Supplemental Security Income ("SSI") benefits, and requested a hearing before an ALJ. Plaintiff's first hearing before ALJ Bernard A. Trembly was continued because a large number Plaintiff's medical records had not been made available to the medical expert prior to the hearing. A second administrative hearing was conducted on July 23, 2008, by ALJ James S. Carletti. This appeal involves the ALJ Carletti's decision to deny Plaintiff SSI benefits.

On July 15, 2009, Plaintiff Gracie Wader filed this appeal pursuant to Section 405(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking review of an Administrative Law Judge's (ALJ) decision to deny Plaintiff her Supplemental Security Income ("SSI") benefits. The matter was referred to Magistrate Judge Adler for preparation of a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and Civil Local Rule 72.1.

In her motion for summary judgment, the Plaintiff argued the ALJ's decision was not supported by substantial evidence. Specifically, Plaintiff argued that the ALJ: (1) failed to provide specific and legitimate reasons for rejecting the opinion of the treating psychiatrist and treating physicians; (2) failed to reject Plaintiff's testimony with specific, clear, and convincing reasons; (3) failed to adequately consider Plaintiff's son's lay testimony; and (4) erred in failing to consider medical evidence of Plaintiff's bilateral carpal tunnel syndrome. The magistrate judge agreed as to Plaintiff's first three contentions and found the ALJ's decisions constituted legal error and were not supported by substantial evidence in the record as a whole. As to Plaintiff's fourth contention, however, the magistrate judge found Plaintiff did not establish bilateral carpal tunnel syndrome as a severe impairment.

While the responsibility to make a final determination remains with the assigned district judge, the Court finds that the R&R sets forth in accurate detail the relevant facts and standards of law on this

matter, and the Court incorporates such without further recitation. *Mathews v. Weber*, 423 U.S. 261, 271 (1976).

### *Discussion*

The Defendant filed objections to the R&R and requested, pursuant to 28 U.S.C. § 636(b)(1)(C),[1] the Court review de novo whether: (1) Dr. Bolter's opinion constituted substantial evidence and whether it was proper for ALJ to reject the treating physicians' opinions; (2) the ALJ provided sufficient reasons for finding plaintiff's testimony not credible; and (3) the ALJ properly rejected Plaintiff's son's statement.

### *1. Whether Dr. Bolter's opinion constituted substantial evidence and whether it was proper for ALJ to reject treating physicians' opinions*

The Defendant argues that the R&R incorrectly asserted two principal errors in the ALJ's analysis: (1) that the ALJ provided insufficient articulation of the weight he gave to these opinions; and (2) that the ALJ relied on testifying medical expert Dr. Bolter's testimony, whose opinion did not constitute substantial evidence. The Court is not persuaded by the Defendant's argument.

The Court has reviewed the record and finds that the ALJ did not meet his burden of articulating specific and legitimate reasons for rejecting plaintiff's treating physicians' opinions. Dr. Bolter's opinion constitutes substantial evidence on which the ALJ can rely only if it is based on *independent clinical findings* that differ from those of the treating physicians. If it is not based on such independent clinical findings, then the ALJ needs to provide clear and convincing reasons for rejecting the treating physicians' opinions. *Andrews v. Shalala*, 53 F.3d 1035 (9th Cir. 1995)( citing *Magallanes*, 881 F.2d at 751).

The question then is whether Dr. Fijman's opinion from May 16, 2006 qualifies as an *independent clinical finding* that provides a proper basis for Dr. Bolter's opinion.

In *Allen v. Heckler*, the court stated that "the fact that the government calls in and remunerates consultative physicians does not undermine the independence of those physicians' opinions because the

---

[1] The district judge is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and may accept, reject, or modify in whole or in part, the recommendation of the magistrate judge, or recommit the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

Social Security Administration is an adjudicator, not advocate or adversary." 749 F. 2d 577 (9th Cir. 1984). However, the Ninth Circuit explains that, if the findings of the non-treating physician are the same as those of the treating physicians, but only their conclusions differ, then the ALJ is bound by a higher standard and has to give clear and convincing reasons for rejecting the treating physicians' opinions. Only if both the findings *and* the conclusions of the expert/treating physicians differ, does the expert opinion constitute substantial evidence.

In this case, the treating physicians and the government-referred physician had similar findings of fact, but differed only in their conclusions (their GAF score). More specifically, Dr. Zink "found Plaintiff had moderate limitations in activities of daily living," Dr. Chavez "also found Plaintiff had no restrictions in activities of daily living," and Dr. Fijman concluded "claimant has no functional limitations from a psychiatric standpoint." [Doc. No. 20.]

Thus, under the higher legal standard set forth by the Ninth Circuit, the ALJ has to provide clear and convincing reasons for ignoring the treating physicians' opinions and adopting the consultative physicians testimony. The record reveals that the ALJ did not sufficiently reject Plaintiff's treating physicians' opinions because the ALJ did not articulate specific and legitimate reasons for his rejection, and instead relied on the medical examiner's opinion, which was not based on clinical findings or consistent with other evidence in the record. Based upon the foregoing, the Defendant's first objection is OVERRULED and the Court ADOPTS the magistrate judge's findings on this issue.

### 2. *The ALJ Provided Several Reasons for Finding Plaintiff's Testimony Not Credible*

The Magistrate Judge found that the ALJ rejected Plaintiff's testimony based on a lack of supporting objective evidence and on statements Plaintiff made about drug use. [Doc. No. 27 at 23-24.] The Defendant argues that while the R&R is correct that the ALJ made these findings, the ALJ also found that the medication effectively treated Plaintiff's impairments[2] and the Plaintiff engaged in daily activities that were inconsistent with her claims of total disability. (Tr. 19). The Defendant argues that

---

[2] Defendant's Objections, Doc. No. 28, at 4.

these reasons, in combination with the two cited by the R&R, constitute sufficient bases for the ALJ to find the Plaintiff's subjective complaints less than fully credible.[3]

That medication is effective in controlling a claimant's symptoms is a valid consideration in weighing the credibility of a claimant's testimony that such symptoms are disabling.[4] The Defendant's objection argues that the R&R did not discuss or consider this reason in weighing the ALJ's credibility finding. However, as Plaintiff aptly points out, this reason was never articulated by the ALJ in his decision. The Court cannot find, nor does the Defendant cite to where precisely in the decision the ALJ allegedly is "incorporating by reference" conclusions regarding the extent to which the Plaintiff's condition was treatable. *Id.* While the extent to which medication is effective in treating or controlling a Plaintiff's symptoms is a valid consideration, the responsibility to supply that analysis belongs to the ALJ. Since it is clear in the ALJ's decision in this case that the ALJ did not consider or analyze this question directly, the Defendant's objection on this issue is OVERRULED.

The Court finds the same to be true for the Defendant's contention that the ALJ considered the Plaintiff's ability to engage in daily activities, such as household chores, cooking, cleaning and shopping and driving, to be inconsistent with her claims of total disability. (Tr. 17). While an ability to perform such tasks is inconsistent with allegations of disability, and an ALJ can consider such activities of daily living in weighing a claimant's credibility,[5] there is no indication that the ALJ did consider or analyze this question directly. As such, the Defendant's objection on this issue is OVERRULED.

### 3. *Whether the ALJ Properly Rejected Plaintiff's Son's Statement*

Defendants argue that the Report and Recommendation misapplied Ninth Circuit precedent and the Commissioner's regulations in finding that inconsistency with medical evidence is not itself a

---

[3] See Social Security Ruling (SSR) 96-7p ("[t]he adjudicator must consider such factors as [. . .] [t]he degree to which the individual's statements are consistent with the medical signs and laboratory findings and other information provided by medical sources"); *Morgan v. Comm'r of Soc. Sec.*, 169 F.3d 595, 600 (9th Cir. 1999) ("conflict between [claimant's] subjective complaints and the objective medical evidence in the record" is a "specific and substantial" reason that undermines a claimant's credibility).

[4] *See Warre v. Comm'r of Soc. Sec.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("[i]mpairments that can be controlled effectively with medication are not disabling for the purpose of considering eligibility for SSI benefits").

[5] *See Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005).

1  germane reason for rejecting a lay witness's testimony. [Doc. No. 27, at 26.]  The Defendant argues that
2  the ALJ need only give germane reasons for discrediting the testimony of lay witnesses and that
3  inconsistency with medical evidence is one such reason. *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th
4  Cir. 2005).

5  Again, however, the Defendant is attempting to supply a rationale not provided directly by the
6  ALJ.  Here, the Defendant claims that the ALJ "compared Plaintiff's son's statement to Dr. Bolter's
7  testimony, and concluded that he would give greater weight to Dr. Bolter's testimony." Defendant's
8  Objections, Doc. No. 28, at 6.  This ignores the fact that the ALJ failed to provide a detailed analysis
9  with respect to such a "comparison", nor did the ALJ provide a sufficient analysis of the reasons
10 germane to Plaintiff's son for rejecting the evidence.  An ALJ may not reject lay witness testimony
11 simply because "the claimant's alleged symptoms are unsupported by her medical records." *Smolen v.*
12 *Chater*, 80 F.3d at 1289. Since there is no indication that the ALJ did consider or analyze this question
13 directly in his decision, the Defendant's objection on this issue is OVERRULED.

### *Conclusion*

15 For the reasons set forth above, the Court OVERRULES Defendant's objections, Doc. No. 28,
16 and ADOPTS the Report and Recommendation in its entirety. Accordingly, the Plaintiff's motion for
17 summary judgment is GRANTED IN PART and DENIED IN PART; Defendant's cross-motion for
18 summary judgment GRANTED IN PART and DENIED IN PART; and the Court hereby REMANDS
19 this matter for further proceedings consistent with this order.

20 IT IS SO ORDERED.

22 DATED: September 30, 2011

23 _____
   Hon. Anthony J. Battaglia
24 U.S. District Judge